IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    )
    )
    vs.    ) Cr. No. 4-65
    ) Civ. No. 9-919
MICHAEL JAMES BROWN    )

**MEMORANDUM ORDER OF COURT**

In this criminal action, on March 11, 2005, Defendant pleaded guilty to two counts related to possession of drugs and a firearm. On June 17, 2005, he was sentenced to a term of imprisonment of 151 months and 120 months, to be served concurrently. Prior to the federal indictment, Defendant had been sentenced in a state drug-related criminal matter, and was awaiting trial on another state criminal matter.

Before the Court is Defendant's Motion pursuant to 28 U.S.C. § 2255. Defendant argues that this Court's Order regarding sentencing credit was not properly executed by the Bureau of Prisons, and that he was denied full credit for time served.

A sentencing court has the authority to entertain challenges to the sentence itself, rather than to the execution of the sentence. Kaiser v. United States, 00 CV 5718, 2001 U.S. Dist. LEXIS 2428, at **9-10 (S.D.N.Y. March 9, 2001). "It is the administrative responsibility of the Attorney General, the Department of

Justice, and the Bureau of Prisons to compute sentences and apply credit where it is due. It is not the province of the sentencing court."   United States v. Williams, No. 93-50427, 1995 U.S. App. LEXIS 1139, at *9-10  (9th Cir. Jan. 11, 1995). Thus, the Court with jurisdiction over Defendant's custodian is the appropriate Court to address an issue regarding the execution of the sentence:

> The Bureau of Prisons...and not the sentencing court is responsible for granting an inmate credit against his criminal sentence for jail time served before sentencing. Furthermore, "[j]udicial review [of BOP computations of sentence] must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court."

United States v. Smith, No. 1:03CR00093, 2006 U.S. Dist. LEXIS 75379, at *1 (W.D. Va. Oct. 16, 2006) (citations omitted).

Defendant's Affidavit states that he is currently incarcerated at Fort Dix, New Jersey, and his Motion clearly attacks the manner in which the sentence was executed, rather than the sentence itself.  Brown states that he is "only seeking what the court has already ordered."  Section 2255, therefore, is the inappropriate vehicle for redress, and I am without jurisdiction over the issues raised.[1]  Therefore, I will deny the Motion without prejudice to Defendant to pursue his cause in the appropriate forum.

---

[1]Defendant does partially couch his claim in terms of ineffective assistance, and asserts that counsel failed to check the Judgment Order to determine whether it indicated concurrent sentences.  In the first instance, without exploring Defendant's equitable tolling argument, I note that this Motion was filed on July 15, 2009, outside the one-year limitations period imposed by Section 2255.  Additionally, the Judgment entered in this case does, indeed, state that the sentences are to be served concurrently.  Whether or not counsel checked the Judgment, therefore, cannot have prejudiced Defendant, or been ineffective under applicable standards.

AND NOW, this 10th day of September, 2009, it is hereby ORDERED,

ADJUDGED, and DECREED that Defendant's Motion is hereby DENIED, without

prejudice to Defendant to refile his request in the appropriate forum.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose


Chief Judge, U.S. District Court